1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME CLAY, JR.,                      No.  2:13-cv-1028 GEB CKD PS

12                  Plaintiff,

13         v.                               FINDINGS AND RECOMMENDATIONS

14   PACIFIC BELL TELEPHONE
     COMPANY, INC., et al.,
15
                     Defendants.
16

17

18         Defendants' motions to dismiss came on regularly for hearing October 2, 2013.  Plaintiff

19   Jerome Clay appeared in propria persona.  Caren Sencer appeared for defendant Communications

20   Workers of America District 9 Union AFL-CIO ("Union").  Philip Behrens appeared for

21   defendant Pacific Bell Telephone Company ("Pacific Bell").  Upon review of the documents in

22   support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause

23   appearing therefor, THE COURT FINDS AS FOLLOWS:

24         In this action, plaintiff alleges claims that he was discriminated against by his union and

25   employer on the basis of race.  Plaintiff alleges that a more senior employee returning from a

26   disability leave was granted a transfer before plaintiff.  Plaintiff asserts claims under the

27   California Unruh Civil Rights Act, the California  Fair Employment and Housing Act ("FEHA"),

28   Title VII, 42 U.S.C. § 1983, the California Unfair Business Practices Act, and breach of contract.

                                              1

1  Pending before the court are motions to dismiss brought by defendant Union and defendant
2  Pacific Bell.

3      In considering a motion to dismiss for failure to state a claim upon which relief can be
4  granted, the court must accept as true the allegations of the complaint in question, <u>Erickson v.</u>
5  <u>Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the
6  plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

7      In order to avoid dismissal for failure to state a claim a complaint must contain more than
8  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
9  of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,
10 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
12 upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
13 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
14 the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct.
15 at 1949.

16     Plaintiff's first cause of action is alleged under the Unruh Civil Rights Act, Cal. Civ. Code
17 § 51.  Because the more specific provisions of the FEHA govern claims related to discrimination
18 in the employment context, plaintiff cannot proceed on a claim under section 51.  <u>See</u> <u>Alcorn v.</u>
19 <u>Anbro Engineering, Inc.</u>, 2 Cal. 3d 493, 500 (1970).  Similarly, plaintiff cannot proceed on his
20 fifth cause of action under 42 U.S.C. § 1983 because none of the defendants are state actors
21 against whom such a claim may be maintained.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)
22 (plaintiff must allege defendant was acting under color of state law at the time the complained of
23 act was committed); <u>see also</u> <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922, 939 (1982).

24     Defendants move to dismiss on the grounds that the state law claims are preempted under
25 section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Where the
26 dispute requires interpretation of the terms of the collective bargaining agreement, the claim is
27 preempted.  <u>Allis-Chalmers Corporation v. Lueck</u>, 471 U.S. 202 (1985); <u>see also</u> <u>Stallcop v.</u>
28 <u>Kaiser Foundation Hospitals</u>, 820 F.2d 1044, 1048 (9th Cir. 1987) ("preemptive force of section

1   301 is so powerful as to displace entirely any state cause of action for violation of a collective

2   bargaining agreement"); cf. Jackson v. Southern California Gas Co., 881 F.2d 638 (9th Cir. 1989)

3   (claim of discrimination and wrongful discharge in violation of public policy not preempted under

4   section 301 if not bound up with interpretation of collective bargaining agreement).  All of

5   plaintiff's claims are predicated on the factual allegations contained in paragraph 16 of the

6   complaint wherein plaintiff alleges that he should have received a transfer from Sonora to

7   Stockton but a more senior white employee, Jeff Clark (who was returning from disability leave),

8   was given the transfer by Penny Knipp, President of the Local.  Plaintiff alleges Penny Knipp's

9   actions were motivated by race because she and Clark are Caucasian and plaintiff is African

10  American.  Plaintiff also alleges that Area Manager Rick Garcia denied plaintiff's request to go

11  on vacation using accumulated vacation time and required plaintiff to submit "mini transfers" but

12  does not allege that any of Garcia's actions were racially motivated.  Plaintiff further alleges that

13  the actions underlying his claims were in violation of the collective bargaining agreement

14  governing his employment.  All of these claims require interpretation of the collective bargaining

15  agreement to determine whether the alleged conduct was wrongful.  Thus, plaintiff's second and

16  third causes of action under FEHA for racial discrimination and sixth cause of action under

17  California Business and Professions Code § 17200 are preempted under section 301.

18        With respect to plaintiff's fourth cause of action under Title VII, defendant Union

19  correctly contends plaintiff has failed to exhaust administrative remedies as against the Union.

20  See Complaint, Exh. 1 (Right to Sue letter names only employer as respondent); 42 U.S.C. §

21  2000e-5(b) (exhaustion of administrative remedies necessary prerequisite to bringing claim under

22  Title VII); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  As to the

23  defendant employer, the complaint is devoid of race-based allegations regarding the allegedly

24  wrongful conduct of defendant's employee, Rick Garcia.  Plaintiff also fails to allege that

25  similarly situated employees were treated more favorably than plaintiff because of race.  See

26  Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006) (employees must be similarly situated in all

27  material respects).  Because plaintiff alleges that the employee receiving the transfer had seniority

28  over plaintiff, the employees are not similarly situated.  See Knight v. Brown, 485 Fed. Appx.

3

183 (9th Cir. 2012) (white comparator not similarly situated because he had seniority).  Plaintiff offers no argument in opposition that suggests he can amend the complaint to allege a prima facie case of racial discrimination against the defendant employer and the claim should therefore be dismissed.

Plaintiff's seventh cause of action is for breach of contract.  Assuming arguendo that plaintiff is attempting to bring this claim under section 301 for breach of the collective bargaining agreement, plaintiff cannot prevail on this claim because he did not file a grievance regarding the transfer of the more senior employee.  See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163 (1983) (employee must exhaust the grievance procedure of the collective bargaining agreement in order to bring suit against employer).  Nor does plaintiff allege that the union breached its duty of fair representation by failing to file a grievance regarding the transfer.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 986 (9th Cir. 2007) (exception to general requirement of exhaustion exists where employee demonstrates union breached its duty of fair representation).  There are no allegations suggesting plaintiff attempted to file a grievance or that the defendant Union refused to represent plaintiff fairly in such a grievance.  Plaintiff's threadbare allegation that the defendant Union was somehow "negligent" is insufficient to allege a breach of the duty of fair representation.  See Complaint, ¶ 48; Peterson v. Kennedy, 771 F.2d 1244, 1253-54 (9th Cir. 1985) (union breaches duty of fair representation when its conduct is arbitrary, discriminatory or in bad faith; negligence insufficient to state claim for breach of duty of fair representation).  Plaintiff is therefore barred from pursuing a claim under section 301.

Plaintiff's eighth cause of action for "injunctive relief" is derivative of plaintiff's other claims.  Because plaintiff's other claims are all subject to dismissal and plaintiff proffers no argument which suggests amendment would be anything other than futile, the motions to dismiss should be granted with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 11, 28) be granted without leave to amend; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 3, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 clay1028.57

5